UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL LEWIS,

                Petitioner,

    v.

MICHAEL OBENLAND,

                Respondent.

Case No. C19-0095-JCC-MLP

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Paul Lewis is a state prisoner who is currently confined at the Monroe Correctional Complex – Washington State Reformatory Unit. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from his 2011 King County Superior Court conviction. (Dkt. # 11.) Respondent has filed an answer to the petition together with relevant portions of the state court record. (Dkt. ## 17, 18.) Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). (*See* Dkt. # 17 at 14-20.) Petitioner has filed a response to Respondent's answer, and Respondent has filed a reply to Petitioner's response. (Dkt. ## 21, 25.) This Court, having reviewed the petition, all briefing of

REPORT AND RECOMMENDATION
PAGE - 1

the parties, and the state court record, concludes that this federal habeas action should be dismissed as untimely under § 2244(d).

## II.   BACKGROUND

On February 9, 2011, Petitioner was found guilty, following a jury trial, on charges of attempted robbery in the first degree and assault in the second degree. (*See* Dkt. # 18, Exs. 1, 2.) On April 1, 2011, Petitioner was sentenced as a persistent offender to a mandatory term of life imprisonment without the possibility of parole. (*See id.*, Ex. 2 at 2, 4.)

Petitioner appealed his convictions to the Washington Court of Appeals. (*See id.*, Exs. 4-8.) On January 28, 2013, the Court of Appeals issued an unpublished opinion affirming Petitioner's conviction for attempted robbery in the first degree and remanding the case to the trial court with instructions to vacate Petitioner's conviction for assault in the second degree and resentence him.[1] (*See id.*, Ex. 3.) Petitioner thereafter sought review by the Washington Supreme Court, and the Supreme Court denied review without comment on October 8, 2014. (*Id.*, Exs. 9, 11.) Petitioner was resentenced on April 3, 2015, again to a term of life imprisonment without the possibility of parole. (*Id*, Ex. 1 at 2, 4.) Petitioner did not seek appellate review of his new sentence.

On February 2, 2016, Petitioner filed a motion in the trial court to vacate his judgment and sentence under Washington Criminal Rule (CrR) 7.8. (*Id.*, Ex. 13.) The King County Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition, and the Court of Appeals dismissed the petition on April 14, 2016 upon concluding that Petitioner failed to demonstrate he was entitled to relief. (*Id.*, Exs. 14, 15.)

---

[1] The Court of Appeals concluded that Petitioner's convictions violated double jeopardy under the merger doctrine, thus requiring reversal of Petitioner's assault conviction. (*See* Dkt. # 18, Ex. 3 at 33-36.)

Petitioner did not seek further review by the Washington Supreme Court, and the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on May 31, 2016. (*Id.*, Ex. 16.)

On November 7, 2016, Petitioner filed a second personal restraint petition with the Washington Court of Appeals. (*Id.*, Ex. 17.) On September 22, 2017, the Court of Appeals dismissed the petition upon concluding that the petition was untimely and presented no arguable basis for collateral relief. (*Id.*, Ex. 19.) However, the Court of Appeals conditioned its dismissal on the State obtaining a corrected version of Petitioner's 2015 judgment and sentence, which contained a scrivener's error, within 60 days.[2] (*Id.*) On October 23, 2017, Petitioner filed a motion for discretionary review with the Washington Supreme Court. (*Id.*, Ex. 20.) The Supreme Court Commissioner issued a ruling denying Petitioner's motion for discretionary review on December 20, 2017. (*Id.*, Ex. 21.)

Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner initiated this federal habeas action on January 19, 2019 with the submission of a typewritten *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (*See* Dkt. # 1.) The Court subsequently directed Petitioner to file his petition on the Court's standard form. (Dkt. # 8.) Petitioner filed his corrected petition on March 25, 2019. (Dkt. # 11.)

### III.    DISCUSSION

#### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C. §

---

[2] On November 9, 2017, an order correcting the scrivener's error in the judgment and sentence was entered by the trial court. (Dkt. # 18, Ex. 22.)

REPORT AND RECOMMENDATION
PAGE - 3

2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). As noted above, Petitioner was resentenced on April 3, 2015 and a new judgment and sentence was entered. Petitioner thereafter had thirty days to seek direct review of the new judgment in the state courts, *see* Washington Rule of Appellate Procedure 5.2(a), but he did not do so. Petitioner's conviction therefore became final for purposes of calculating the statute of limitations on May 3, 2015 when the time for seeking direct review expired. Petitioner's one-year statute of limitations began to run the following day, May 4, 2015. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed his motion to vacate his judgment and sentence in King County Superior Court on February 2, 2016, which stopped the clock on the federal statute of limitations. At that time, 275 days had run on the statute of limitations. The motion was transferred to the Washington Court of Appeals for consideration as a personal restraint petition, and the petition was dismissed on April 14, 2016. This concluded review in the state courts because Petitioner did not thereafter seek discretionary review in the Washington Supreme Court. The statute of limitations began to run again the following day, April 15, 2016, and expired 90 days later on July 14, 2016.[3]

Petitioner filed his initial petition for writ of habeas corpus on January 19, 2019, over two and a half years after the statute of limitations expired. The petition is therefore clearly untimely under the federal statute of limitations. Petitioner does not argue otherwise. In fact, Petitioner

---

[3] While Petitioner filed a second personal restraint petition in the state courts in November 2016, that petition did not act to toll the limitations period because the statute of limitations had already expired by the time the petition was filed.

REPORT AND RECOMMENDATION
PAGE - 4

acknowledges in his response to Respondent's answer that his petition was filed more than a year after his judgment and sentence became final. (*See* Dkt. # 21 at 2.) Petitioner asserts, however, that he is entitled to equitable tolling of the limitations period. (*See id.*)

### B.   Equitable Tolling

The statute of limitations governing federal habeas petitions is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). The Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id.* at 1065.

In order to receive equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The diligence that is required is "reasonable diligence." *Id.* at 653. "[T]he requirement that extraordinary circumstances 'stood in his way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude application of equitable tolling.'" *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A petitioner must also establish that the extraordinary circumstance was, in fact, the reason the federal habeas petition was untimely. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Petitioner identifies three bases for his claim that he is entitled to equitable tolling. First, Petitioner asserts that he suffers from "documented" psychological problems. (Dkt. # 21 at 2-3.)

REPORT AND RECOMMENDATION
PAGE - 5

Second, he asserts that he was not provided with counsel following his sentencing which interfered with his right to appeal. (*Id*. at 4.) Third, he asserts that counsel abandoned him by failing to file a notice of appeal. (*Id*. at 4-5.)

### 1. *Psychological Problems*

Petitioner asserts that he is entitled to equitable tolling because he has "documented" psychological problems, a low IQ, suffers from an "extreme mental condition" that interferes with his everyday activities, and has a memory problem.[4] (Dkt. # 21 at 2-3.)

In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), the Ninth Circuit established a two-part test that a petitioner must meet in order to be eligible for equitable tolling due to mental impairment:

> (1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, *see Holland*, 130 S.Ct. at 2562, by demonstrating the impairment was so severe either
>
>     (a)    petitioner was unable rationally or factually to personally understand the need to timely file, or
>
>     (b)    petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id*. at 1099-1100.

Petitioner fails to meet either prong of the *Bills* test. With respect to the first prong of the *Bills* test, regarding the severity of Petitioner's alleged impairment, though Petitioner claims he

---

[4] Petitioner also claims that he "can't read or write," and "has problems constructing a sentence or even knowing facts of his case." (Dkt. # 21 at 3.) These claims are clearly refuted by the materials Petitioner has thus far submitted in this action.

REPORT AND RECOMMENDATION
PAGE - 6

has "documented" psychological problems and suffers from an "extreme mental condition," he has presented no evidence to support these claims. There is some information in the record concerning Petitioner's mental health, but that information appears to undermine rather than support Petitioner's claims regarding the severity of his mental condition.

There are references in the record to the testimony of a defense expert, Dr. Kenneth Muscatel, who conducted a forensic mental evaluation of Petitioner prior to trial. (Dkt. # 18-1 at 112.) Dr. Muscatel testified at trial that Petitioner suffered from a major depressive disorder and he described Petitioner as being suspicious of others, paranoid to some degree, and with mood instability. (*Id.*) Dr. Muscatel also testified about potential side effects of medication Petitioner was taking at the time of the crime which included nervousness, memory loss, irritability and emotional liability. (*Id.* at 113.) Dr. Muscatel admitted, however, that there was no complete mental defense available to Petitioner because his claim of self-defense showed that he was goal oriented when he acted. (*Id.*) Dr. Muscatel also suggested that Petitioner may have been malingering and exaggerating his mental deficits, testifying that Petitioner may have purposefully underperformed on his testing. (*Id.* at 54.)

The testimony of Dr. Muscatel suggests that Petitioner may have suffered from one or more mental health conditions, at least at the time of his offense. However, nothing in the record demonstrates that any such condition was present in the months leading up to the expiration of the statute of limitations, or that any such condition was so severe as to render Petitioner unable to understand the need to timely file a habeas petition or unable to prepare a habeas petition and effectuate its filing. It is notable that during the nine or so months surrounding the date on which the statute of limitations expired, Petitioner filed two petitions for collateral review in the state courts. In the second such petition, Petitioner made a relatively advanced, if ultimately

REPORT AND RECOMMENDATION
PAGE - 7

unsuccessful, argument to the Washington Court of Appeals as to why the court should consider the petition even though it was filed outside the one-year limitation period applicable under Washington law. Petitioner does not explain how he was able to twice seek review in the state courts within the same general period when his federal habeas petition was due but was unable to file his federal habeas petition on time. Petitioner fails to meet the severity prong of the *Bills* test.

With respect to the diligence prong of the *Bills* test, the record reveals that the claims asserted by Petitioner in his federal habeas petition replicate claims identified and briefed on direct appeal in 2012. Petitioner long ago exhausted his administrative remedies with respect to those claims and could have, but did not, file a timely federal habeas petition despite his demonstrated ability to seek collateral review in the state courts. Petitioner fails to meet the diligence prong of the *Bills* test.

As Petitioner fails to satisfy either prong of the *Bills* test, he is not entitled to equitable tolling based on his alleged mental impairment.

        2.       *Deprivation of Counsel/Abandonment by Counsel*

To the extent Petitioner argues that he is entitled to equitable tolling because the court did not provide him with counsel after his sentence, and because his counsel abandoned him by failing to file a notice of appeal, he has provided no viable basis to excuse the late filing of his federal habeas petition. So far as this Court can discern, this argument appears to pertain to events surrounding Petitioner's resentencing hearing in April 2015. As explained above, following Petitioner's direct appeal his case was remanded to the trial court for vacation of his assault conviction and resentencing. The resentencing resulted in imposition of the same mandatory life sentence that was imposed at Petitioner's original sentencing hearing. Petitioner did not file an appeal following his resentencing. Whether this was because the court failed to

appoint appellate counsel or because Petitioner's trial counsel failed to file a notice of appeal makes no difference. Petitioner fails to explain how any of the events surrounding his resentencing in 2015 interfered with his ability to file a timely federal habeas petition in 2016. As Petitioner fails to demonstrate that these events were the proximate cause of his failure to file a timely federal habeas petition, they do not entitle him to equitable tolling.

Because Petitioner filed his federal habeas petition outside of the § 2254 statute of limitation period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period, Petitioner's petition is time-barred and must therefore be dismissed.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus and this action be dismissed, with prejudice, as untimely under § 2244(d). This

Court further recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 20, 2019**. Objections, and any response, shall not exceed twelve pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the day after objections were due.

DATED this 30th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge