THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PAUL LEWIS,

        Petitioner,

v.

MICHAEL OBENLAND,

        Respondent.

CASE NO. C19-0095-JCC

ORDER

This matter comes before the Court on Petitioner Paul Lewis's objections (Dkt. No. 31) to the report and recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge (Dkt. No. 28). Having considered the parties' briefing and the relevant record, the Court hereby OVERRULES Petitioner's objections and ADOPTS Judge Peterson's report and recommendation for the reasons explained herein.

## I. BACKGROUND

The report and recommendation sets forth the underlying facts of this case and the Court will discuss them only briefly here. (*See* Dkt. No. 28 at 2–3.) On February 9, 2011, a jury convicted Mr. Lewis on charges of first-degree armed robbery and second-degree assault. (*See* Dkt. No. 28 at 2.) He was sentenced as a persistent offender to life in prison without the possibility of parole. (*Id.*) On April 3, 2015, Mr. Lewis was resentenced to life in prison without the possibility of parole after the Washington Court of Appeals instructed the trial court to vacate

his conviction for assault in the second degree. (*Id.* at 1.) Mr. Lewis now petitions the Court for federal *habeas* review of his judgment and sentence. (Dkt. No. 11.) Judge Peterson recommends that the Court dismiss Mr. Lewis's petition with prejudice as untimely under 28 U.S.C. § 2244(d). Mr. Lewis filed objections to Judge Peterson's report and recommendation, which the Court will consider even though they were untimely. (*See* Dkt. Nos. 30–31.) In his objections, Mr. Lewis concedes that he did not file his *habeas* petition within the one-year statute of limitations established by § 2244(d)(1), but he argues that the statute of limitations should be tolled due to his mental impairment.[1] (Dkt. No. 31 at 2.)

## II. DISCUSSION

### A. Standard of Review

A district court reviews *de novo* those portions of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the district court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). General objections, or summaries of arguments previously presented, have the same effect as no objection at all, since the court's attention is not focused on any specific issues for review. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

### B. Equitable Tolling

To be eligible for equitable tolling due to a mental impairment, a petitioner must meet a two-part test established in *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010). Under that test, the petitioner must first show that their mental impairment was so severe that they were

---

[1] Mr. Lewis previously argued that he is entitled to equitable tolling because he was not given counsel after his sentence and because his counsel abandoned him by failing to file a notice of appeal. (*See* Dkt. No. 21 at 4–7.) Judge Peterson rejected these arguments, (Dkt. No. 28 at 8–9), and Mr. Lewis does not object to that portion of Judge Peterson's report and recommendation, (*see generally* Dkt. No. 31 at 2). Because Mr. Lewis does not object, the Court will limit its analysis to Mr. Lewis's argument that he is entitled to equitable tolling due to his mental impairment. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985).

either (a) "unable rationally or factually to personally understand the need to timely file" or (b) "unable personally to prepare a habeas petition and effectuate its filing." *Id.* at 1100. The petitioner must then show that they diligently pursued their claims to the extent they could understand them but that their mental impairment made it impossible to meet the filing deadline under the totality of the circumstances. *Id.*

1. <u>Severity</u>

In concluding that Mr. Lewis fails to meet the severity prong of the *Bills* test, Judge Peterson emphasizes three points: (1) Mr. Lewis offers no evidence to support his claim that he has "documented" mental health problems; (2) the trial testimony of defense expert Dr. Kenneth Muscatel does not show that Mr. Lewis had a severe mental health problem at the time when he should have been preparing a *habeas* petition; and (3) in the months surrounding the July 14, 2016 deadline for filing a *habeas* petition, Mr. Lewis demonstrated his ability to prepare a *habeas* petition when he filed two petitions for collateral review in the state courts that made relatively advanced legal arguments. (*See* Dkt. No. 28 at 7–8.) Mr. Lewis does not respond to Judge Peterson's last two points, but he does offer a mental health treatment plan from the Department of Corrections as evidence of his mental health problems. (*See* Dkt. No. 31 at 3, 10.)

The evidence Mr. Lewis offers does not show that he suffered from a mental illness in 2016 that was so severe that he could not prepare a *habeas petition* by the July 14, 2016 deadline. To begin with, Mr. Lewis's mental health treatment plan consists of a review conducted in February 2019—nearly three years after the time when Mr. Lewis should have been preparing his *habeas* petition. (*Id.* at 10.) Consequently, the mental health treatment plan offers little evidence about Mr. Lewis's mental state at the relevant time-period. In addition, the mental health treatment plan does not corroborate Mr. Lewis's claim that he suffers from severe memory loss, bipolar disorder, or some other mental impairment that would prevent him from filing a *habeas* petition. (*Compare* Dkt. No. 31 at 3, *with id.* at 10.) The plan instead lists Mr. Lewis's current diagnoses as "Major Depression" and "Alcohol Use Disorder," and it describes

how he "at times experiences nightmares that can be distressing" and "experiences depressed mood around twice per month." (*Id.* at 10.) These symptoms are not so severe that Mr. Lewis is entitled to equitable tolling, especially given that he was able to file personal restraint petitions in state court in February 2016 and November 2016. (Dkt. No. 28 at 2–3.)

        2.      <u>Diligence</u>

Given that Mr. Lewis has not demonstrated that he suffered from a severe mental impairment, the Court need not consider whether he has shown that he diligently pursued his claim for *habeas* relief.

**III.    CONCLUSION**

For the foregoing reasons, the Court OVERRULES Petitioner's objections (Dkt. No. 31); ADOPTS Judge Peterson's report and recommendation (Dkt. No. 28); DISMISSES Mr. Lewis's petition for writ of *habeas corpus* (Dkt. No. 11) with prejudice; DENIES a certificate of appealability; and DIRECTS the Clerk to send copies of this order to Mr. Lewis, to Respondent, and to Judge Peterson.

DATED this 3rd day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE